WO

MDR

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Jonathan M. Arther, | No.  CV 20-00189-PHX-JAT (JFM) |
| Plaintiff, | |
| v. | **ORDER** |
| Corizon Health, Inc., et al., | |
| Defendants. | |

On January 24, 2020, Plaintiff Jonathan M. Arther, who is not in custody, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed In District Court Without Prepaying Fees and Costs.  In a February 14, 2020 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim.  The Court gave Plaintiff thirty days to file an amended complaint that cured the deficiencies identified in the Order.

In a March 27, 2020 Order, the Court granted Plaintiff's March 23, 2020 letter seeking an extension of time to file his first amended complaint.  On April 23, 2020, Plaintiff filed his First Amended Complaint.  In an April 29, 2020 Order, the Court dismissed the First Amended Complaint because Plaintiff had failed to state a claim and gave Plaintiff thirty days to file a second amended complaint that cured the deficiencies identified in the Order.

. . . .

1    The Clerk of Court mailed the Order to Plaintiff using the address listed at the top
2    of Plaintiff's First Amended Complaint instead of Plaintiff's address of record.  The Order,
3    therefore, was thrice returned to the Court as undeliverable.  As a result, the Clerk of Court
4    discontinued mailing documents to Plaintiff.
5    On June 1, 2020, the Clerk of Court entered a Judgment of dismissal with prejudice
6    because Plaintiff had failed to comply with the April 29, 2020 Order.  The Judgment was
7    not mailed to Plaintiff because the Clerk of Court had discontinued mailing documents to
8    Plaintiff.
9    On October 15, 2020, Plaintiff, through counsel, filed a Motion for Relief From
10   Judgment.  In an October 22, 2020 Order, the Court granted the Motion for Relief From
11   Judgment, vacated the Judgment, and gave Plaintiff thirty days to file a second amended
12   complaint that cured the deficiencies identified in the April 29, 2020 Order.
13   On November 20, 2020, Plaintiff, through counsel, filed a Second Amended
14   Complaint (Doc. 17).[1]  The Court will dismiss the Second Amended Complaint with leave
15   to amend.

16   **I.    Statutory Screening of In Forma Pauperis Complaints**

17   Pursuant to 28 U.S.C. § 1915(e)(2), in a case in which a plaintiff has been granted
18   in forma pauperis status, the Court shall dismiss the case "if the court determines that . . .
19   (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may
20   be granted; or (iii) seeks monetary relief against a defendant who is immune from such
21   relief."
22   A pleading must contain a "short and plain statement of the claim *showing* that the
23   pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does
24   not demand detailed factual allegations, "it demands more than an unadorned, the-
25   defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678
26   (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere
27   conclusory statements, do not suffice."  *Id.*

28

---

[1] Plaintiff misidentifies the document as his "Third" Amended Complaint.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

Plaintiff's Second Amended Complaint will be dismissed for failure to state a claim, but because it may possibly be amended to state a claim, the Court will dismiss it with leave to amend.

**II.    Second Amended Complaint**

In his Second Amended Complaint, Plaintiff sues Defendants Arizona Department of Corrections (ADC), ADC Director David Shinn, the Arizona State Prison Complex (ASPC)-Florence, two unidentified ADC Contract Physicians, one of the unidentified ADC Contract Physician's "Business Entity," Corizon Health, David Ellison, Southwestern Eye Center, Doctors Adelberg and Heller, a "business entity" identified as "Eye Dr. of AZ," Doe Physicians 1-10, Doe Registered Nurses 1-10, Doe Healthcare Providers 1-10, Doe Business Entities 1-10, Doe Custody Officers 1-10, and Doe Individuals 1-10.  Plaintiff seeks monetary damages, his costs of suit, his attorney's fees and costs, and prejudgment interest.

Plaintiff alleges he suffered trauma to his left eye prior to being incarcerated in ADC, began having increased pressure in his left eye and blurry vision while confined in the Arizona State Prison-Phoenix West; and "required treatment to address a macular hole in his left eye."  He contends he submitted a health needs request and was transported to Defendant Southwestern Eye Center on February 24, 2017, where he saw Defendant Adelberg.  Plaintiff asserts Defendant Adelberg diagnosed him with a moderately sized

macular hole; recommended surgical intervention, prescribed one medication for Plaintiff to take for a week, starting the day before surgery, and another medication for Plaintiff to take until it was gone, starting the day after surgery; and indicated in his notes that the prescriptions were "sent with inmate paperwork."  Defendant Adelberg performed an eye surgery on March 29, 2017.  Plaintiff contends that after the surgery, he had severe pain and significant pressure in his left eye, and Defendant Adelberg prescribed additional medications to decrease the pressure in his eye.

Plaintiff alleges he was transferred to Defendant ASPC-Florence, but the medication Defendant Adelberg prescribed was not transported with him and, after he arrived at ASPC-Florence, Defendants Doe Custody Officers, Doe Nurses, and Doe Healthcare Providers failed to provide him with the medication Defendant Adelberg prescribed.  He asserts he was experiencing severe pain, sensitivity to light, and headaches.  Plaintiff contends that after he submitted health needs requests for his medication, Defendants Doe Custody Officers, Doe Nurses, and a Doe Healthcare Providers gave him different medication that worsened his condition.  Plaintiff claims he continued to experience significant pain, sensitivity to light, headaches, loss of vision, throbbing, swelling, and tearing.

Plaintiff alleges he was seen on June 16, 2017, and his eye pressure was increasing. He claims he was prescribed additional medication for swelling and it was recommended that he have a follow-up appointment with a glaucoma specialist.  Plaintiff contends he submitted multiple health needs request forms to corrections officers, but Defendants Doe Custody Officers, Doe Nurses, and Doe Healthcare Providers: (1) did not provide the correct medication to treat Plaintiff's condition and prevent it from worsening, (2) failed to provide medication and treatment, (3) did not treat Plaintiff in a timely manner, (4) refused to respond to Plaintiff's health needs request forms, and (5) punished Plaintiff for submitting multiple heath needs request forms by withholding his medication and forcing him to stand outside, without clothing, during the winter.

. . . .

Plaintiff contends he saw a healthcare provider employed by Defendant Corizon in early 2018, and the healthcare provider recommended a second eye surgery.  He claims he had a second eye surgery and, after the surgery, continued to submit health needs request forms for treatment and medication.  He contends he did not receive adequate treatment after his second surgery, his left eye is now completely blind and inoperable, and he continues to have significant pain, sensitivity to light, headaches, loss of vision, throbbing, swelling, and tearing

Plaintiff raises a state-law tort claim, asserting that he suffered significant pain and permanent vision loss because Defendants Shinn and Corizon failed to provide him with adequate medical and health services when they "failed to provide the correct medication" and "failed to provide treatment . . . for an extended prior of time."

Plaintiff alleges Defendants, in their individual and official capacities, violated his Eighth Amendment rights because they were deliberately indifferent to his serious medical needs.  He contends Defendants "knew of and disregarded an excessive risk" to his health and safety and deprived him of adequate medical care when they failed to provide medication and treatment, ignored his health needs requests seeking medication and treatment, and punished or reprimanded him for submitting health needs requests.  Plaintiff also asserts Defendants, through their observations of Plaintiff's medical conditions and symptoms and their communications with ADC officials, became aware of Plaintiff serious medical needs and the negligent and constitutionally inadequate medicate care he was receiving during his medical visits with Defendants Doe Healthcare Providers.  He alleges Defendants had a duty to provide competent and constitutionally adequate medical care, but failed to do so, in conscious disregard of an excessive risk to Plaintiff's health and safety.

Plaintiff raises a claim of "liability based on policy, practice, custom."  He asserts Defendants "instituted, promulgated, and maintained patterns, practices, customs, usages, policies and procedures, including medical policies" to provide inmates access to and the receipt of medical services necessary to maintain their physical health.  Plaintiff claims

Defendants "were on active or constructive notice that certain omissions in the patterns, practices, [and] policies, as described herein, would likely result in constitutional violations by [Defendant ADC's] employees and agents who carried out the deficient medical treatment" and would result in the denial or unnecessary delay of adequate medical care. Specifically, Plaintiff asserts that Defendant ADC's employees and agents are required to respond to all health needs requests, but Defendants routinely ignored Plaintiff's health needs requests. He contends he advised Defendants Doe Custody Officers, Doe Nurses, Doe Healthcare Providers, and Defendant Corizon's healthcare providers that he was not receiving timely medical treatment and medication, his health needs requests were being ignored, and he was being punished for submitting health needs requests, but Defendants ASPC-Florence, Corizon, Doe Custody Officers, Doe Nurses, and Doe Healthcare Providers lacked "adequate oversight" and "sufficient communication" of "their medical patterns, practices, customs, usages, policies, and procedures" and "clearly have deficiencies in grievance procedures for inmates to request medical treatment."

**III.   Discussion of Second Amended Complaint**

      **A.   Federal Claims**

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). There is no respondeat superior liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved

in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

### 1.      Defendant ADC

The Arizona Department of Corrections is not a proper Defendant.  Under the Eleventh Amendment to the Constitution of the United States, a state or state agency may not be sued in federal court without its consent.  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Furthermore, "a state is not a 'person' for purposes of section 1983.  Likewise 'arms of the State' such as the Arizona Department of Corrections are not 'persons' under section 1983."  *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991) (citation omitted).  Therefore, the Court will dismiss Defendant Arizona Department of Corrections.

### 2.      Defendant ASPC-Florence

Section 1983 imposes liability on any "person" who violates an individual's federal rights while acting under color of state law.  Congress intended municipalities and other local government units to be included among those persons to whom § 1983 applies.  *Monell*, 436 U.S. at 689-90.  However, ASPC-Florence is a building or collection of buildings, not a person or legally created entity capable of being sued.  Thus, the Court will dismiss Defendant ASPC-Florence.

### 3.      Eighth Amendment Claim

Not every claim by a prisoner relating to inadequate medical treatment states a violation of the Eighth Amendment.  To state a § 1983 medical claim, a plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent.  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

"Deliberate indifference is a high legal standard."  *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).  To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; "the official must both be aware

of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. *Jett*, 439 F.3d at 1096. Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Jett*, 439 F.3d at 1096.

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. *Farmer*, 511 U.S. at 835. "Neither negligence nor gross negligence will constitute deliberate indifference." *Clement v. Cal. Dep't of Corr.*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983). "A difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious medical needs." *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. *See Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). The indifference must be substantial. The action must rise to a level of "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 105.

Plaintiff has simply made vague and conclusory allegations against groups of Defendants, without any factual specificity as to what any particular Defendant did or failed to do. This is insufficient. *See Marcilis v. Twp. of Redford*, 693 F.3d 589, 596 (6th Cir. 2012) (upholding dismissal of *Bivens* complaint that referred to all defendants "generally and categorically" because the plaintiff had failed to "'allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right.'" (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008))); *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) ("Given the complaint's use of either the collective

term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed."). Thus, the Court will dismiss without prejudice Plaintiff's Eighth Amendment medical care claim.

### 4.    Policy Claim

First, although § 1983 "authorizes prisoners to sue municipal entities for damages if the enforcement of a municipal policy or practice, or the decision of a final municipal policymaker, caused the Eighth Amendment violation," these claims "can't be brought against states, which are protected by the Eleventh Amendment." *Peralta v. Dillard*, 744 F.3d 1076, 1083-84 (9th Cir. 2014). Plaintiff, therefore, cannot bring a damages claim against Defendant State of Arizona, or its employees in their official capacities, based on a policy, practice, or custom. *See Hafer v. Melo*, 502 U.S. 21, 27 (1991) ("State officials sued for damages in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them.").

Second, to state a claim under § 1983 against a private entity performing a traditional public function, such as providing medical care to prisoners, a plaintiff must allege facts to support that his constitutional rights were violated as a result of a policy, decision, or custom promulgated or endorsed by the private entity. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138-39 (9th Cir. 2012); *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997) (per curiam). A plaintiff must allege the specific policy or custom and how it violated his constitutional rights. A private entity is not liable merely because it employs persons who allegedly violated a plaintiff's constitutional rights. *See Tsao*, 698 F.3d at 1139; *Buckner*, 116 F.3d at 452. Plaintiff's allegations regarding a policy, practice, or custom are vague and conclusory and in no way suggest that any of the conduct described in the Second Amended Complaint was the result of a specific policy or custom of Defendant Corizon.

Thus, the Court will dismiss without prejudice Plaintiff's policy, practice, and custom claim.

**B.      State Law Claim**

The Court will not exercise supplemental jurisdiction over Plaintiff's state-law claim because Plaintiff's federal claims have been dismissed.  *See Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over related state-law claims once it has 'dismissed all claims over which it has original jurisdiction.'"  (quoting 28 U.S.C. § 1367(c)(3))); *Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994) (when federal law claims are eliminated before trial, the court generally should decline jurisdiction over state law claims and dismiss them without prejudice).  Thus, the Court will dismiss without prejudice Plaintiff's state law claim.[2]

**IV.   Leave to Amend**

For the foregoing reasons, Plaintiff's Second Amended Complaint will be dismissed for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a third amended complaint to cure the deficiencies outlined above.

A third amended complaint supersedes the original Complaint and prior Amended Complaints.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat the original Complaint and prior Amended Complaints as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the original Complaint or a prior Amended Complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a third amended complaint.  *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

If Plaintiff files a third amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did

[2] Plaintiff alleges the Court has *supplemental* jurisdiction over his state law claim, so it is unclear why he refers to the "diversity-jurisdictional-basis minimum of $75,000 for the state claims" in his Prayer for Relief.  *See* 28 U.S.C. §§ 1331 (federal question jurisdiction), 1332 (diversity of citizenship jurisdiction), and 1367 (supplemental jurisdiction).

JDDL

or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. *See Rizzo*, 423 U.S. at 371-72, 377.

Plaintiff must repeat this process for each person he names as a Defendant. If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to state a claim. **Conclusory allegations that a Defendant or group of Defendants has violated a constitutional right are not acceptable and will be dismissed**.

If Plaintiff does not know the names of individual Defendants, he must list the individual unknown Defendants as Defendant John (or Jane) Doe 1, John Doe 2, and so on in the caption of his third amended complaint. In the body of the third amended complaint, Plaintiff must allege facts to support **how each particular Doe Defendant** violated Plaintiff's rights. It is insufficient to simply list categories of Defendants (such as "Detention Officers" ) and make conclusory allegations against them as a group.

**IT IS ORDERED:**

(1)    The Second Amended Complaint (Doc. 17) is **dismissed** for failure to state a claim. Plaintiff has **30 days** from the date this Order is filed to file a third amended complaint in compliance with this Order.

(2)    If Plaintiff fails to file a third amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice and deny any pending unrelated motions as moot.

Dated this 3rd day of December, 2020.

James A. Teilborg
Senior United States District Judge

JDDL