WO                                                                                                       MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathan M. Arther, | No.  CV 20-00189-PHX-JAT (JFM) |
| Plaintiff, | |
| v. | **ORDER** |
| Corizon Health, Inc., et al., | |
| Defendants. | |

On January 24, 2020, Plaintiff Jonathan M. Arther, who is not in custody, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed In District Court Without Prepaying Fees and Costs. In a February 14, 2020 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff thirty days to file an amended complaint that cured the deficiencies identified in the Order.

In a March 27, 2020 Order, the Court granted Plaintiff's March 23, 2020 letter seeking an extension of time to file his first amended complaint. On April 23, 2020, Plaintiff filed his First Amended Complaint. In an April 29, 2020 Order, the Court dismissed the First Amended Complaint because Plaintiff had failed to state a claim and gave Plaintiff thirty days to file a second amended complaint that cured the deficiencies identified in the Order.

The Clerk of Court mailed the Order to Plaintiff using the address listed at the top of Plaintiff's First Amended Complaint instead of Plaintiff's address of record. The Order,

TERMPSREF

1  therefore, was thrice returned to the Court as undeliverable. As a result, the Clerk of Court
2  discontinued mailing documents to Plaintiff.

3  On June 1, 2020, the Clerk of Court entered a Judgment of dismissal with prejudice
4  because Plaintiff had failed to comply with the April 29, 2020 Order. The Judgment was
5  not mailed to Plaintiff because the Clerk of Court had discontinued mailing documents to
6  Plaintiff.

7  On October 15, 2020, Plaintiff, through counsel, filed a Motion for Relief From
8  Judgment. In an October 22, 2020 Order, the Court granted the Motion for Relief From
9  Judgment, vacated the Judgment, and gave Plaintiff thirty days to file a second amended
10 complaint that cured the deficiencies identified in the April 29, 2020 Order.

11 On November 20, 2020, Plaintiff, through counsel, filed a Second Amended
12 Complaint. In a December 3, 2020 Order, the Court dismissed the Second Amended
13 Complaint because Plaintiff had failed to state a claim and gave Plaintiff thirty days to file
14 a third amended complaint that cured the deficiencies identified in the Order.

15 On January 1, 2021, Plaintiff filed a Third Amended Complaint (Doc. 19). The
16 Court will order Defendants Corizon, Heller, Eye Doctors of Arizona, Ryan, Shinn,
17 Ferman, and Stevens to answer or otherwise respond to the Third Amended Complaint and
18 will give Plaintiff 120 days to identify the actual names of Defendants Does 1-10.

### I.  Statutory Screening of In Forma Pauperis Complaints

Pursuant to 28 U.S.C. § 1915(e)(2), in a case in which a plaintiff has been granted in forma pauperis status, the Court shall dismiss the case "if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

### II.  Third Amended Complaint

In his Third Amended Complaint, Plaintiff names as Defendants: Corizon Health. Inc.; Eye Doctors of Arizona, PLLC; Dr. Heller; former Arizona Department of Corrections (ADC) Director Charles Ryan; current ADC Director David Shinn;

Corrections Officers Ferman,[1] Stevens, and John/Jane Does 1, 2, 4, 6, 7, 8, and 10; ADC "IFF" Liaison John/Jane Doe 9; and Nurse/Health Providers John/Jane Does 3 and 5. Plaintiff asserts Defendants are liable under state tort law and § 1983 for the severe pain and permanent blindness in his left eye caused by their acts and omissions. He seeks monetary damages, his costs of suit, and his attorney's fees, costs, and prejudgment interest.

Plaintiff alleges he suffered trauma to his left eye before he was incarcerated, and began experiencing increased pressure in his left eye and blurry vision while confined in the Arizona State Prison-Phoenix West. (Doc. 19 ¶¶ 1-3.) He submitted a health needs request and was transported to an eye center, where a doctor diagnosed him with a moderately sized macular hole, recommended surgical intervention, and prescribed two medications, one of which Plaintiff was supposed start taking after the surgery until it was gone. (*Id*. ¶¶ 5-8.) The doctor performed the eye surgery on March 29, 2017. (*Id*. ¶ 10.) Plaintiff contends he subsequently experienced severe pain and significant pressure in his eye, so he submitted a health needs request. (*Id*. ¶ 11.) He alleges that on April 4, 2017, the doctor prescribed additional medication to decrease the pressure in his eye. (*Id*. ¶ 12.)

Plaintiff claims he was transferred to the Arizona State Prison Complex-Florence (ASPC-Florence). (*Id*. ¶ 13.) Plaintiff asserts that Defendant Doe 1 intentionally denied, delayed, and interfered with Plaintiff's medical condition by failing to provide Plaintiff with his prescribed medication. (*Id*. ¶ 95.) Specifically, he contends he told Defendant Doe 1 that he needed his medication to prevent swelling, increased pressure, and pain, and explained that he could suffer permanent injury, including vision loss, if he missed even one day of his medication. (*Id*. ¶¶ 16, 92-93.) However, Defendant Doe 1 refused to transport Plaintiff's medication, transported Plaintiff without his medication, and told Plaintiff that he could address the issue at ASPC-Florence. (*Id*. ¶¶ 15, 17, 91, 94.)

. . . .

---

[1] This Defendant is identified in the Third Amended Complaint as both "Ferman" and "Furman."

Plaintiff asserts that when he arrived at ASPC-Florence, he told Defendant Doe 2 that he needed his prescribed medication to prevent swelling and pain, but Defendant Doe 2 intentionally denied, delayed, and interfered with Plaintiff's medical treatment. (*Id*. ¶¶ 19, 101.)  Plaintiff claims Defendant Doe 2 knew Plaintiff was in extreme pain and was suffering increased eye pressure from not having his medication, but ignored his request for his medication, failed to provide Plaintiff with the medication, and failed to contact a health provider to secure the prescribed medication.  (*Id*. ¶¶ 18, 96-99.)  Plaintiff also contends Defendant Doe 2 subsequently punished Plaintiff for submitting health needs requests and grievances by withholding Plaintiff's medication, denying transportation, and forcing Plaintiff to stand outside, without clothing, during the winter.  (*Id*. ¶ 100.)

Plaintiff alleges that when he arrived at ASPC-Florence, he requested Defendant Doe 3 provide medication to treat his pain and swelling.  (*Id*. ¶ 25.)  He explained to Defendant Doe 3 that he was in significant pain and needed his medication and that missing a single dose of his medication could cause permanent damage, including vision loss.  (*Id*. ¶¶ 21, 27, 141.)  He claims that despite knowing Plaintiff had a serious medical need that could cause pain and permanent injury if it was not treated, Defendant Doe 3 acted with deliberate indifference by failing to respond to Plaintiff's request and failing to provide Plaintiff with medication or medical treatment.  (*Id*. ¶¶ 20, 26, 138-40, 142.)

Plaintiff asserts that while at ASPC-Florence, he was experiencing severe pain, light sensitivity, and headaches, so he submitted health needs requests to Defendant Doe 4 for his medication and told Defendant Doe 4 that his medical condition required medication and treatment to prevent severe pain and additional injury.  (*Id*. ¶¶ 22-24, 31.)  He contends Defendant Doe 4 intentionally denied, delayed and interfered with his medical treatment because Defendant Doe 4 ignored and failed to respond to Plaintiff's health needs requests for his medication and treatment and punished Plaintiff for submitting health needs requests and grievances by withholding Plaintiff's medication, denying transportation, and forcing Plaintiff to stand outside, without clothing, during the winter.  (*Id*. ¶¶ 102-05.)

. . . .

Plaintiff contends Defendant Doe 5 provided him with a different medication, which worsened Plaintiff's condition and caused him severe pain. (*Id.* ¶¶ 28, 143.) Plaintiff continued to experience significant pain, light sensitivity, loss of vision, throbbing, swelling, tearing, and headaches. (*Id.* ¶ 29.) He allegedly told Defendant Doe 5 that (a) the new medication was not the medication the eye doctor had prescribed and was causing him significant pain, and (b) a failure to timely provide the correct medication could cause him significant pain and further injury. (*Id.* ¶¶ 30, 144.) Plaintiff asserts that although Defendant Doe 5 knew Plaintiff had a serious medical need and could suffer severe pain and permanent injury if he continued to use the incorrect medication, Defendant Doe 5 intentionally delayed providing medical treatment and medication. (*Id.* ¶¶ 145-46.)

Plaintiff claims that in addition to submitting health needs requests for his medication and treatment to Defendants Does 2 and 4, he also submitted health needs requests to Defendants Does 6-8. (*Id.* ¶¶ 31, 39.) He asserts Defendants Does 6-8 intentionally denied, delayed and interfered with his medical treatment because they ignored and failed to respond to Plaintiff's health needs requests for his medication and treatment and punished Plaintiff for submitting health needs request forms and grievances by withholding Plaintiff's medication, denying transportation, and forcing Plaintiff to stand outside, without clothing, during the winter. (*Id.* ¶¶ 40-41, 106-117.)

Plaintiff contends he saw Defendant Heller, who is employed by Defendant Eye Doctors of Arizona, on June 16, 2017. (*Id.* ¶ 32.) Defendant Heller prescribed additional medication for Plaintiff's swelling and recommended a follow-up appointment with a glaucoma specialist. (*Id.* ¶¶ 32-33.) Plaintiff also claims he told Defendant Heller he was being punished by Defendants Does 2, 4, 6, 7, and 8. (*Id.* ¶ 45.)

Plaintiff alleges he continued to experience pain and swelling, so he submitted health needs requests to Defendants 2, 4, 6, and 7. (*Id.* ¶ 34.) Plaintiff also states that his wife, via a December 7, 2017 email, informed Defendant Doe 9 that Plaintiff was not receiving adequate medical treatment, Plaintiff's condition was worsening, and she feared Plaintiff was being retaliated against for filing health needs requests, complaints, and

grievances. (*Id*. ¶¶ 42-43, 124.)  Plaintiff claims Defendant Doe 9 acted with deliberate indifference because Defendant Doe 9 failed to follow up, report, reprimand, or take any action regarding the email, despite knowing Plaintiff had a serious medical need and could suffer permanent injury and unnecessary pain if it was not treated. (*Id*. ¶¶ 44, 125-127.)

According to Plaintiff, Defendant Heller noted in his December 18, 2017 follow-up report that Plaintiff was being forced to stand outside, without his clothes on, in the winter before appointments as punishment for filing health needs requests and grievances. (*Id*. ¶¶ 46, 119.)  The report was sent to and received by Defendant Doe 10. (*Id*. ¶¶ 47, 119.)  Plaintiff claims Defendant Doe 10 acted with deliberate indifference because Defendant Doe 10 failed to follow up, report, reprimand, or take any action regarding the information in Defendant Heller's report, despite knowing Plaintiff had a serious medical need and could suffer permanent injury and unnecessary pain if it was not treated. (*Id*. ¶¶ 48, 121-23.)

Plaintiff contends Defendant Heller advised him that a second surgery was recommended because of Plaintiff's pain and worsening eye condition. (*Id*. ¶ 50.)  Plaintiff claims he underwent a second eye surgery, and subsequently continued to submit health needs requests to Defendants 2, 4, 6, 7, and 8 for treatment and medication, but these Defendants refused to respond to his health needs requests. (*Id*. ¶¶ 38, 51-53.)

Plaintiff alleges he submitted a December 6, 2018 inmate grievance complaining about the lack of medical care and treatment for his eye condition and indicating that he had significant pain and his condition was worsening. (*Id*. ¶¶ 54, 128.)  He claims Defendant Ferman signed the grievance five days later, but left blank the "action taken and resolution" section of the grievance. (*Id*. ¶¶ 55, 129.)  He asserts that Defendant Ferman intentionally ignored the grievance and made no effort to provide Plaintiff with medication or treatment, despite knowing Plaintiff had a serious medical need and could suffer permanent injury and unnecessary pain if it was not treated. (*Id*. ¶¶ 130-31.)

Plaintiff asserts he advised Defendant Heller after the second surgery that his condition was worsening and he was experiencing significant pain, but Defendant Heller

did not provide adequate treatment. (*Id.* ¶¶ 56-57.) Plaintiff claims that in an April 4, 2019 health needs request, he requested immediate medical attention for his eye and stated that he was in pain and his condition was worsening. (*Id.* ¶¶ 59, 132, 134.) He asserts Defendant Stevens received the health needs request and knew: (a) Plaintiff had a serious medical need and could suffer permanent injury and pain if it was not treated, (b) Plaintiff was experiencing severe pain and swelling, and (c) Plaintiff's condition was worsening and he was losing his ability to see. (*Id.* ¶¶ 60, 63-64, 137.) Plaintiff contends Defendant Stevens indicated on the health needs request form that Plaintiff already had a scheduled appointment. (*Id.* ¶ 61.) Plaintiff alleged Defendant Stevens acted with deliberate indifference by ignoring Plaintiff's request for timely medical treatment, denying Plaintiff medical treatment, and delaying timely medical treatment. (*Id.* ¶¶ 62, 133, 135-36.)

Plaintiff contends Defendant Heller knew Plaintiff was being punished for submitting health needs requests, Plaintiff was not receiving medication and adequate treatment in prison, corrections officers were withholding the proper medication, Plaintiff had serious medical needs, and failing to timely treat Plaintiff could cause permanent injury and unnecessary pain. (*Id.* ¶¶ 49, 82, 87-88, 90.) He asserts Defendant Heller did not provide constitutionally adequate medical care to Plaintiff and acted with deliberate indifference, in conscious disregard of an excessive risk to Plaintiff's health and safety, by failing to provide the correct medication to treat his condition and prevent it from worsening, failing to provide medication and treatment, failing to transport Plaintiff for treatment in a timely manner, failing to respond to Plaintiff's medical needs and significant pain, and routinely failing to provide timely treatment and to respond to the corrections officers' interference with Plaintiff's treatment. (*Id.* ¶¶ 35-37, 84-86, 89.)

Plaintiff alleges Defendants Corizon and Eye Doctors of Arizona routinely provided untimely and insufficient medical treatment to Plaintiff for two years, routinely failed to respond to his requests for medical treatment, and knew from their employees that Plaintiff was suffering from chronic increased ocular pressure. (*Id.* ¶¶ 153-54, 158.) He claims Defendant Corizon and Eye Doctors of Arizona failed to implement policies to ensure

medical care and treatment for inmates who have serious medical conditions that require prompt medical treatment and engaged in a "policy of inaction" by failing to implement procedural safeguards to prevent § 1983 medical care violations. (*Id*. ¶¶ 149-50.) Plaintiff contends Defendant Corizon's and Defendant Eye Doctors of Arizona's policies or lack of policies for treating inmates with increase ocular pressure created circumstances likely to result in violations of inmates' right to receive adequate medical treatment and in inmates' conditions significantly worsening due to treatment delays. (*Id*. ¶¶ 151-52.)

Plaintiff claims Defendants Corizon and Eye Doctors of Arizona had actual or constructive notice that omissions in their patterns, practices, and policies would likely result in constitutional violations by employees who carried out the deficient and inadequate medical treatment and knew these omissions would likely result in the denial of or unnecessary delay in providing adequate medical care to inmates. (*Id*. ¶¶ 155-57.) He also asserts Defendants Corizon's and Eye Doctor of Arizona's policies requiring communication of inmates' medical information, treatment needs, and medications to ADC are inadequate and are likely to significantly worsen the inmates' medical conditions, cause permanent damage, and violate inmates' right to receive adequate medical treatment. (*Id*. ¶¶ 159-160.)  Specifically, he contends Defendants Corizon and Eye Doctors of Arizona routinely fail to communicate an inmate's specific medical needs to corrections officers and, as a result, information necessary to provide inmates with adequate medical treatment is significantly delayed or not transmitted. (*Id*. ¶¶ 161-62.) He also claims Defendants Corizon's and Eye Doctors of Arizona's failure to promptly communicate to corrections officers when inmates need immediate care is likely to cause injury or the unnecessary infliction of pain. (*Id*. ¶ 163.) Plaintiff alleges that because Defendants Corizon and Eye Doctors of Arizona failed to provide prompt communication to corrections officers, he suffered severe pain and permanent blindness. (*Id*. ¶ 164.)

Plaintiff also raises state tort claims. He alleges Defendant Shinn is the current ADC Director and Defendant Ryan was the ADC Director when Plaintiff was incarcerated. (*Id*. ¶ 67.) He claims the ADC Director contracted with Defendant Corizon

TERMPSREF

- 8 -

to assist in providing medical and health services to inmates. (*Id*. ¶ 69.) Plaintiff asserts the ADC Director and Defendant Corizon knowingly failed to provide adequate medical and health services to him, which created a substantial risk of permanent vision loss, because their agents (Defendants Ferman, Stevens, and Does 1-10) failed to timely provide Plaintiff with medication and treatment and failed to provide Plaintiff with treatment for an extended period of time. (*Id*. ¶¶ 68, 70-72.) He contends that as a result of Defendants' repeated failures to provide adequate medical and health services, he suffered significant pain for an extended period of time and suffered extreme pain and permanent vision loss. (*Id*. ¶¶ 73-74.) Plaintiff also alleges Defendant Heller provided negligent medical care. (*Id*. ¶ 81.)

### III. Discussion

The Court will direct Plaintiff to serve Defendants Corizon, Eye Doctors of Arizona, Heller, Shinn, Ryan, Ferman, and Stevens, and will require these Defendants to answer the Third Amended Complaint.

Although Plaintiff has stated claims against Defendants Does 1-10, the Court will not require service on these Defendants at this time. The Ninth Circuit has held that where identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds. *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). The Court will allow Plaintiff 120 days in which to discover the actual names of Defendants Does 1-10, through subpoena or otherwise, and to substitute these Defendants' actual names by filing a "notice of substitution." *See Wakefield*, 177 F.3d at 1163. The Court may dismiss without prejudice Defendants Does 1-10 if Plaintiff fails to timely file a notice of substitution, unless Plaintiff seeks and is granted an extension of time.

. . . .

. . . .

**TERMPSREF**

**IT IS ORDERED:**

(1) Plaintiff must either serve or seek a waiver of service for Defendants Corizon, Heller, Eye Doctors of Arizona, Ryan, Shinn, Ferman, and Stevens.

(2) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Third Amended Complaint on Defendants Corizon, Heller, Eye Doctors of Arizona, Ryan, Shinn, Ferman, and Stevens within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m).

(3) Defendants Corizon, Heller, Eye Doctors of Arizona, Ryan, Shinn, Ferman, and Stevens must answer the Third Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(4) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(5) Within 120 days from the filing date of this Order, Plaintiff must file a "Notice of Substitution," substituting Defendants Does 1-10's actual names. The Court may dismiss without prejudice Defendants Does 1-10 if Plaintiff fails to timely file a notice of substitution, unless Plaintiff seeks and is granted an extension of time.

(6) This matter is referred to Magistrate Judge James F. Metcalf pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

(7) This matter is **assigned to the standard track** pursuant to Rule 16.2(b)(3) of the Local Rules of Civil Procedure.

Dated this 21st day of January, 2021.

*James A. Teilborg*
Senior United States District Judge