WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathan M Arther,<br><br>    Plaintiff,<br><br>v.<br><br>Corizon Health Incorporated, et al.,<br><br>    Defendants. | No. CV-20-00189-PHX-JAT (JFM)<br><br>**ORDER** |

   Plaintiff and Defendant Shinn have filed a Stipulation to Dismiss Defendant Shinn with Prejudice filed May 18, 2021 (Doc. 58). Plaintiff and Defendant Shinn seek to dismiss only Defendant Shinn, with prejudice, each party to bear their own costs and attorneys' fees.1 These parties do not indicate the authority on which they rely.

   Under Federal Rule of Civil Procedure 41(a)(1)(A), a voluntary dismissal of "an action" can be made by a notice filed "before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). The structuring of the notice as a motion or stipulation does not control its efficacy. 9 Fed. Prac. & Proc. Civ. § 2363, Voluntary Dismissal—Dismissal as a Matter of Right (3d ed.) ("It is merely a notice and not a motion, although a notice in the form of a motion is sufficient.") Despite the Rules use of the term "action," the Ninth Circuit has held "that Rule 41(a)(1) allows a plaintiff to dismiss without a court order any defendant who has yet to serve an answer or a motion for summary judgment." Pedrina v. Chun, 987 F.2d 608, 609 (9th Cir. 1993). Here, Defendant Shinn has filed neither an answer nor a motion for summary judgment.

Further, Rule 41(a)(1)(B) (with exceptions not applicable here) permits a plaintiff to designate whether the dismissal is with or without prejudice. Plaintiff has stipulated it be with prejudice. Accordingly, this Stipulation operates as a notice of dismissal with prejudice.

No opportunity for the other defendants to respond on the dismissal is required. A notice of dismissal is effective upon filing. "As the rule states, no action by the court is required for dismissal by notice under Rule 41(a)(1)(i). A voluntary dismissal by a plaintiff under this subsection automatically terminates the action upon the filing of the dismissal with the clerk." Hamilton v. Shearson-Lehman Am. Exp., Inc., 813 F.2d 1532, 1534–35 (9th Cir. 1987).

The parties have also stipulated that each are to bear their own costs and attorneys' fees. The Court finds no prejudice to the remaining parties from directing as such, and thus does not await briefing on that portion of the stipulation.

**IT IS THEREFORE ORDERED:**

(A)   Withdrawing the reference to the Magistrate Judge as to the Stipulation (Doc. 58) only.

(B)   Plaintiff and Defendant Shinn's Stipulation to Dismiss (Doc. 58) is **CONSTRUED** to include a notice of dismissal of Defendant Shinn with prejudice.

(C)   Plaintiff and Defendant Shinn's Stipulation to Dismiss (Doc. 58) is **GRANTED**.

(D)   Defendant Shinn is **DISMISSED WITH PREJUDICE**, each party to bear their own costs and attorneys' fees.

Dated this 19th day of May, 2021.

James A. Teilborg
Senior United States District Judge