# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathan M Arther,<br><br>   Plaintiff,<br><br>v.<br><br>Corizon Health Incorporated, et al.,<br><br>   Defendants. | No. CV-20-00189-PHX-JAT (JFM)<br><br>**ORDER** |

  Defendant Corizon Health, Inc. has filed a Suggestion of Bankruptcy and Notice of Automatic Stay under 11 U.S.C. § 362(a) (Doc. 158). Defendants in this action are Corizon Health Incorporated, Dr. Heller, Eye Doctors of Arizona PLLC, Nurse Brinton, Nurse Sparks, Dr. Johnson, Nurse Kabongo, and the State of Arizona (Docs. 122, 131). While the automatic stay under Section 362 of the Bankruptcy Code is automatic as to Corizon, it is not clear this stay automatically extends to stay Plaintiff's claims against the remaining defendants. The Ninth Circuit has stated:

> As a general rule, "[t]he automatic stay of section 362(a) protects only the debtor, property of the debtor or property of the estate. It does not protect non-debtor parties or their property. Thus, section 362(a) does not stay actions against guarantors, sureties, corporate affiliates, or other non-debtor parties liable on the debts of the debtor."

*In re Chugach Forest Prods., Inc.,* 23 F.3d 241, 246 (9th Cir. 1994) (quoting *In re Advanced Ribbons & Office Prods.,* 125 B.R. 259, 263 (B.A.P. 9th Cir. 1991)). Further, the Court "does not have the jurisdiction to extend the stay to a non-debtor party." *Placido*

*v. Prudential Ins. Co. of Am.,* 2010 WL 334744, at *1 (N.D. Cal. Jan. 21, 2010) ("In order to apply the automatic stay outlined in 11 U.S.C. § 362 to a non-debtor party, the bankruptcy court must issue an extension of the stay under its jurisdiction.") (citing *Boucher v. Shaw,* 572 F.3d 1087, 1093 (9th Cir. 2009)).  A party seeking to extend the stay to co-defendants or others must affirmatively seek an order from the bankruptcy court. *Totten v. Kellogg Brown & Root, LLC*, 152 F. Supp. 3d 1243, 1268 (C.D. Cal. 2016).[1]

The Court will therefore direct the parties to file a response reflecting their positions on the effect of the automatic bankruptcy stay as to the remainder of this action, including resolution of the pending motions for summary judgment.[2]

**IT IS THEREFORE ORDERED** no later than March 10, 2023, each party must file a response as directed herein.

Dated this 2nd day of March, 2023.

James A. Teilborg
Senior United States District Judge

---

[1] The acts prohibited by the stay do not include: (a) a continuance, extension or stay of a non-bankruptcy proceeding; or (b) a status hearing in such proceeding to ascertain if the automatic stay still applies. *In re Miller*, 262 B.R. 499, 503 (B.A.P. 9th Cir. 2001); *In re Perryman*, 631 B.R. 899, 903 (B.A.P. 9th Cir. 2021).

[2] Ultimately, however, Plaintiff is required to prosecute this case. *See O'Donnell v. Vencor Inc.*, 466 F.3d 1104, 1110 (9th Cir. 2006) (stay did not preclude dismissal of case against debtor based on plaintiff's failure to prosecute).  To that end, Plaintiff generally must either dismiss his claim against Defendant Corizon and pursue that claim in bankruptcy court or file a motion in the bankruptcy court to lift the automatic stay to permit his claim against Corizon to proceed in this Court.  Plaintiff's response should indicate his intended course of action.  The Court notes, however, that it is not inclined to grant an indefinite stay of Plaintiff's claim against Corizon.