**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathan M Arther, | No. CV-20-00189-PHX-JAT (JFM) |
| Plaintiff, | **ORDER** |
| v. | |
| Corizon Health Incorporated, et al., | |
| Defendants. | |

On February 14, 2023, Defendant Corizon Health, Inc., filed a Notice of Suggestion of Bankruptcy. (Doc. 158). Prior to that notice being filed, two motions for summary judgment were filed. One such motion was filed by Defendants Warren Heller, M.D. and Eye Doctors of Arizona, PLLC. (Doc. 122). The other motion was filed by Defendants Corizon Health, Inc., Christopher Johnson, DO, Cindy Walton-Sparks, Kimberly Brinton, Claudine Kabongo, and State of Arizona. (Doc. 131). These eight moving Defendants are the only remaining Defendants in this case.

As a result of the notice of bankruptcy, this Court called for status reports from each party. (Doc. 159). The Court received three status reports. (Docs. 160-162). Everyone agrees that the automatic bankruptcy stay applies to Corizon.

Plaintiff and Defendants Warren Heller, M.D., and Eye Doctors of Arizona, PLLC, both argue that the automatic stay does not extend to these two Defendants (and should not be extended to them), and that this Court can proceed with adjudication of the pending motion for summary judgment (Doc. 122). (Docs. 160-161). The remaining six

Defendants' status report is silent as to these Defendants position regarding co-Defendants Warren Heller, M.D., and Eye Doctors of Arizona, PLLC. (Doc. 162). Regarding Defendants Warren Heller, M.D., and Eye Doctors of Arizona, PLLC only, the Court will proceed to deciding the pending motion for summary judgment in due course because the stay does not apply to them, and no party has (or plans to) move the bankruptcy court to extend the stay to them.

As to Defendants Christopher Johnson, DO, Cindy Walton-Sparks, Kimberly Brinton, Claudine Kabongo, and State of Arizona, Plaintiff and these five Defendants disagree on the impact of the automatic stay. These five Defendants plus Corizon argue that the stay should include these five Defendants because they are either indemnified by Corizon (either by contract or as employees of Corizon) and Corizon is paying for the legal representation of each of them. (Doc. 162 at 2). After arguing that the stay should apply, the remainder of the status report is confusing.

For example, these six Defendants acknowledge that Corizon has moved the bankruptcy court to extend the stay to indemnified co-defendants in *other* cases. (Doc. 162 at 37-39). However, these six Defendants do not explain why *this* case was not included in that motion. After seemingly acknowledging that the stay must be extended to co-defendants by the bankruptcy court, these Defendants end the status report to this Court by saying, "Defendants herein respectfully request the Court find that the stay also apply to Defendants herein pursuant to the Bankruptcy Court's Order, sections 105(a) and 362(a)(1) of the Bankruptcy Code as 'action[s] or proceeding[s] against the debtor' to recover prepetition claims, and for the equitable reasons as explained above." (Doc. 162 at 5). This Court does not believe it has the authority to "find" the stay applies to co-defendants in this case by interpreting the bankruptcy court's order to include cases or defendants that were not presented to the bankruptcy court.

Plaintiff, conversely, argues the stay should not apply to these five co-Defendants. (Doc. 161 at 2). Plaintiff further states that he will be moving to lift the automatic stay as to Corizon in the bankruptcy court. (*Id.*). Obviously, if the bankruptcy court extends the

stay to other Defendants in this case, any motion to lift the stay would have to include those co-Defendants.

Thus, while Corizon and the five-indemnified co-Defendants have argued the stay should apply, this Court finds that they have not shown that the *automatic* stay applies to any co-Defendants in this case. Further, for unknown reasons, Corizon and the five-indemnified co-Defendants have not moved the bankruptcy court to have the stay extended to this case or these co-Defendants specifically. Accordingly, at this time, the Court finds that the automatic stay does not apply to any co-Defendants of Corizon in this case.

Based on the foregoing, the Court will, as stated above, rule on the pending motion for summary judgment filed by Warren Heller, M.D. and Eye Doctors of Arizona, PLLC in due course. The five indemnified co-Defendants of Corizon, Christopher Johnson, DO, Cindy Walton-Sparks, Kimberly Brinton, Claudine Kabongo, and State of Arizona, will have two weeks from the date of this Order to move the bankruptcy court to extend the stay to them if that is their desired course of action. Upon so moving, these five indemnified co-Defendants must file a further status report with this Court and attach a copy of such motion. If no status report, with an attached copy of a motion to stay, is filed within two weeks, the Court will rule on the pending motion for summary judgment filed by these five indemnified co-Defendants in due course. If such a motion to stay is filed with the bankruptcy court, co-Defendants must notify this Court within 24-hours of any ruling by the bankruptcy court, again by filing a further status report and attaching a copy of the Order from the bankruptcy court.

Plaintiff may oppose any motion to extend the stay with the bankruptcy court. Plaintiff may also file a motion to lift the stay with the bankruptcy court. Plaintiff must file further status reports within 24 hours of any filing with or ruling by the bankruptcy court impacting this case specifically.

Based on the foregoing,

**IT IS ORDERED** that the Court will rule on the motion for summary judgment at Doc. 122 in due course.

1    **IT IS FURTHER ORDERED** that unless a motion to extend the stay as to the five-indemnified co-Defendants is filed with the bankruptcy court within two weeks (and this Court is given notice as specified above), the Court will rule on the motion for summary judgment as to these five co-Defendants (Doc. 131) in due course.

**IT IS FINALLY ORDERED** that Plaintiff shall keep this Court informed of any filings Plaintiff makes in the bankruptcy court as specified above.

Dated this 13th day of March, 2023.

James A. Teilborg
Senior United States District Judge